■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BETTY O. MUKA, Appellant.—Defendant was convicted of the crime of unlawful imprisonment, second degree, following an April, 1976 jury trial in County Court, Tompkins County. A six-month jail sentence was imposed on November 18, 1977 and defendant appealed. By order dated December 1, 1977 Tompkins County Judge Friedlander stayed execution of the judgment pending appeal and released defendant on her own recognizance. Pursuant to CPL 460.50 (subd 4), the time allowed for prosecuting the appeal and the County Court's stay order were extended by this court by decisions dated April 7, 1978, July 7, 1978, October 19, 1978 and March 22, 1979. The last extension expired on May 28, 1979. By motion filed May 19, 1979 defendant requests, *inter alia,* that the Justices of this court disqualify themselves from hearing the appeal pursuant to section 14 of the Judiciary Law, that the appeal be transferred to the Appellate Division in another Department for hearing and determination, and that permission be granted to appeal to the Court of Appeals the order of this court entered April 19, 1979 which granted the last extension and made certain other directions regarding the manner in which the appeal should be prosecuted. By separate application filed May 29, 1979, defendant also seeks an order further continuing, until June 28, 1979, the stay of execution of judgment granted on December 1, 1977. Defendant's applications are granted only to the extent that the stay of execution of judgment is continued pending determination of the appeal upon condition defendant file the corrected trial transcript and her brief and appendix on or before June 22, 1979. Upon the filing of these papers, the appeal shall be scheduled for oral argument at the term of this court

commencing September 4, 1979. Defendant's applications are in all other respects denied. In the event defendant shall fail to file the corrected trial transcript and her brief and appendix on or before June 22, 1979, the appeal is dismissed and the matter is remitted to the County Court, Tompkins County, for further proceedings in accordance with CPL 460.50 (subd 5). Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.